MISTY A. MURRAY (SBN 196870)
Misty.Murray@maynardcooper.com
OPHIR JOHNA (SBN 228193)
OJohna@maynardcooper.com
KAREN T. TSUI (SBN 305869)
KTsui@maynardcooper.com
MAYNARD COOPER & GALE LLP
10100 Santa Monica Boulevard, Suite 550
Los Angeles, CA 90067
Telephone: 310.596.4500

Attorneys for Defendants Hibbett, Inc.,
and Hibbett Retail, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY KAMEL, individually and on behalf of a class of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>HIBBETT, INC., a Delaware corporation, and HIBBETT RETAIL, INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:22-3726<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Complaint Filed: April 29, 2022 |

**TO THE HONORABLE COURT, AND TO THE PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Hibbett, Inc. ("Hibbett") and Hibbett Retail, Inc. ("Hibbett Retail") (collectively, "Defendants") hereby seek removal of the civil action entitled *Anthony Kamel, individually and on behalf of a class of other similar situated individuals, Plaintiff, v. Hibbett, Inc., a Delaware Corporation, and Hibbett Retail, Inc., a Delaware Corporation, Defendants*, Case No. 30-2022-01257316-CU-NP-CXC, filed on or about April 29, 2022 in the Superior Court of the State of California for the County of Orange (the "Action") to the United States District Court for the Central District of California.[1] Removal is proper for the following reasons.

## JOINDER

1. Hibbett and Hibbett Retail are the only named defendants in the Action. A true and correct copy of the Complaint filed in the Action is attached as part of **Exhibit A** to the concurrently-filed Declaration of Ophir Johna. Therefore, no joinder is necessary.

## TIMELINESS

2. Defendants' agent for service of process was personally served with the Summons and Complaint on May 3, 2022. The removal is therefore timely under 28 U.S.C. § 1446(b) in that it is sought within 30 days after service. True and correct copies of the Summons and Complaint served upon Defendants are also attached as part of Exhibit A to the concurrently-filed Declaration of Ophir Johna.

---

[1] Plaintiff's counsel filed a similar lawsuit against Defendant Hibbett, Inc. in the Los Angeles County Superior Court on behalf of different putative class representatives, which Hibbett, Inc. removed to this Court on March 18, 2022. *Luis Rivera, et al. v. Hibbett, Inc.*, Case No. 2:22-cv-01815-RGK-E. On April 8, 2022, while Hibbett, Inc.'s motion to dismiss was pending in this Court, the plaintiffs voluntarily dismissed that lawsuit.

## JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, in that this case arises under the laws of the United States, specifically, the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 and presents a federal question.

4. Jurisdiction is also independently proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is minimal diversity.

## FEDERAL QUESTION JURISDICTION - FACTA

5. Plaintiff Anthony Kamel ("Plaintiff") brings this putative class action based on alleged violations of FACTA, which generally provides:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C.A. § 1681c(g).

6. Plaintiff alleges that Defendants violated FACTA by "printing more than the last five (5) digits of consumers' debit and credit card account numbers on receipts" provided to consumers. (Cmplt., ¶¶1-2)

7. Plaintiff alleges that on or about January 24, 2022, he used his personal credit card to make a purchase at a Hibbett Sports retail location in Fullerton, California, and that after making his purchase he was provided an electronic receipt showing the first six (6) and last four (4) digits of his credit card account number. (Cmplt., ¶¶ 75-76)

1 |     8.    Plaintiff alleges that Defendants' printing of his receipt with more than the last five (5) digits of his credit card account number violated FACTA, and he brings a putative class action on behalf of other allegedly similarly situated class members as set forth below.

    9.    Plaintiff further alleges that Defendants' printing of the ten (10) digits of his credit card accounts "invaded Plaintiff's privacy as it disclosed his personal financial information" and that as a result he was "required to take steps to safeguard the receipt." (Cmplt., ¶ 77-78)

    10.    Plaintiff further alleges that the point-of-sale system used by Defendants' retail locations maintains records of all payment transactions and has the ability to print duplicate copies of all payment receipts provided to customers. (Cmplt., ¶83)

    11.    Plaintiff alleges that by failing to comply with FACTA, Defendants disclosed his "personal financial information to the world, including to … identity thieves who thrive in environments such as Defendants' various locations, as well as Defendants' employees who handled the receipts," and created an "unjustifiably high risk of harm." (Cmplt., ¶¶ 85-86)

    12.    Plaintiff seeks damages, individually and on behalf of all others similarly situated, for violation of FACTA, and requests statutory remedies, punitive damages, attorneys' fees and costs. (Cmplt., p. 28, Prayer for Relief)

    13.    To the extent Plaintiff's Complaint rests on Defendants' alleged violations of FACTA, his claim involves a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

///

///

///

///

///

## CAFA JURISDICTION

14. Plaintiff not only brings this action as an individual, but also brings this action on behalf of a class of persons similarly situated. As set forth below, CAFA provides an independent basis for jurisdiction in federal court.

15. CAFA grants federal courts original jurisdiction over class actions where: (1) the putative class contains at least 100 members; (2) any member of a class of plaintiffs is a citizen of a state different from that of any defendant; and (3) the amount in controversy exceeds $5,000,000 in the aggregate for the entire putative class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5).

### The Alleged Putative Class Exceeds 100 Members

16. CAFA requires that the putative class contain at least 100 putative class members. 28 U.S.C. § 1332(d)(5). Plaintiff defines the proposed national class and subclass as follows:

> "[H]imself and all persons in the United States who, within the time frame relevant to this action, engaged in one or more transactions using a debit card or credit card at one or more of Defendants' retail locations in the United States, and was thereupon provided an electronically printed receipt displaying the first six (6) and last four (4) digits of the credit or debit card account number used in connection with such transaction(s). Plaintiff is a member of this class." (Cmplt., ¶87)

> "[T]hemselves (sic) and all persons in the United States who, within the time frame relevant to this action, engaged in one or more transactions using a debit card or credit card at one or more of Defendants' retail locations in the State of California and was thereupon provided an electronically printed receipt displaying the first six (6) and last four (4) digits of the credit or debit card account number used in connection with such transaction(s). Plaintiff is a member of this sub-class." (Cmplt., ¶88)

17. Plaintiff does not state the specific number of putative class members in the Complaint. However, Plaintiff alleges that Defendants systematically violated FACTA with respect to retail customers at Defendants' retail locations nationwide. The Complaint further alleges Defendants operate retail sporting goods stores in 35 states. (Cmplt., ¶12) Plaintiff further alleges that Defendants printed "thousands of

point-to-sale receipts containing the first six (6) and last four (4) digits of credit and debit card numbers." (Cmplt., ¶84) Thus, any customers who allegedly received an electronically printed receipt that purportedly violated FACTA at Defendants' retail locations would be members of the putative class as defined by Plaintiff. Accepting the allegations of the Complaint as true, each of these transactions would be part of the proposed class. Thus, there are more than 100 members in the putative class.

### There is Minimal Diversity among the Parties

18. The second requirement under CAFA is minimal diversity, which requires that at least one putative class member be a citizen of a different state than that of any one defendant. *See* 28 U.S.C. § 1332(d)(2).

19. Here, at least one putative class member is a citizen of the State of California, namely Plaintiff Anthony Kamel. (Cmplt., ¶9)

20. Defendant Hibbett, Inc. is alleged to be a corporation organized and existing under the laws of the State of Delaware, with its home office in Alabama. (Cmplt., ¶10)

21. Defendant Hibbett Retail, Inc. is alleged to be a corporation organized and existing under the laws of the State of Delaware, with its home office in Alabama. (Cmplt., ¶11)

22. Therefore, minimal diversity exists between the parties.

### The CAFA Amount in Controversy is at Least $5,000,000

23. The third and final requirement under CAFA is that the amount in controversy exceed $5,000,000 for the putative class in the aggregate, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2). A defendant's notice of removal under CAFA "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first

giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied."). Evidence establishing the amount in controversy is only required once the plaintiff challenges or the court questions the defendant's allegation. *Id.*[2]

24. "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15, 417-18 (9th Cir. 2018). The Complaint is therefore necessarily reviewed by the Court in determining the amount in controversy. *See LaCrosse, supra,* 775 F.3d at 2002.

25. Plaintiff's allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6). In the Complaint, Plaintiff seeks to recover statutory damages, punitive damages, attorneys' fees and costs. (Cmplt., p. 28, Prayer for Relief)

26. FACTA provides for recovery of statutory damages of not less than $100, but not more than $1,000 per willful violation. Plaintiff alleges that Defendants printed "thousands of point-to-sale receipts containing the first six (6) and last four (4) digits of credit and debit card numbers." (Cmplt., ¶84) Plaintiff further alleges that Defendants systematically violated FACTA in this manner in its retail sporting goods stores in 35 states. (Cmplt., ¶12) Thus, the amount in controversy based on Plaintiff's Complaint exceeds the required minimum.

27. Additionally, Plaintiff seeks punitive damages. (Cmplt., p. 28, Prayer for Relief) While Defendants do not concede punitive damages would ever be appropriate under the circumstances of this case, where punitive damages are

---

[2] Defendants' statement of the amount at issue in this removal is solely for purpose of establishing subject matter jurisdiction under CAFA. This statement should not be used as an admission and cannot be used to support damages for any other purpose in this case. *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015).

available under applicable law, they are considered in determining the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

28. Moreover, attorneys' fees are properly included in the amount in controversy if an underlying statute or contract authorizes an award of attorneys' fees. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 698 (9th Cir. 2007); *Vasquez v. Arvato Digital Servs., LLC*, 2011 WL 2560261, at *4 (C.D. Cal. June 27, 2011) ("[I]ncluding unspecified future attorneys' fees in determining the amount in controversy is proper because such fees necessarily accrue until the action is resolved."). Here, Plaintiff specifically demands attorneys' fees, litigation fees and costs of suit. (Cmplt., p. 28, Prayer for Relief)

29. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

**The Exceptions to CAFA Jurisdiction Do Not Apply**

30. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). In this case, no exception applies. Each CAFA exception requires, as a starting point, an in-state defendant. U.S.C. § 1332(d)(3)-(4) (local controversy CAFA exception requires that "significant relief" be sought from an in-state defendant; home state and discretionary CAFA exceptions require that all "primary defendants" be resident defendants). Here, Defendants are not residents of California, which Plaintiff concedes in his Complaint. (Cmplt., ¶¶ 10-11) As such, none of the CAFA exceptions can possibly apply here.

31. Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this civil action is properly removable under CAFA.

32. Venue is proper in this district under 28 U.S.C. § 1446(a) because this

district and division embrace the place in which the removed action has been pending.

33. No further proceedings occurred in this Action prior to Defendants filing this Notice of Removal.

34. A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, will be filed promptly in the Superior Court of the State of California, County of Orange, in accordance with the provisions of 28 U.S.C. § 1446(d).

35. Written notice of the filing of this Notice of Removal will be given to the adverse parties as required by law.

**WHEREFORE**, Defendants give notice that all further proceedings in this matter shall take place in the United States District Court for the Central District of California, unless and until held otherwise by that Court.

Dated: June 1, 2022　　　　　　　　　　MAYNARD COOPER & GALE LLP

By: */s/ Ophir Johna*
MISTY A. MURRAY
OPHIR JOHNA
KAREN T. TSUI
Attorneys for Defendants Hibbett Inc., and Hibbett Retail, Inc.

# **CERTIFICATE OF SERVICE**
*Anthony Kamel, et al. v. Hibbett, Inc., et al*.

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 10100 Santa Monica Blvd., Ste. 550, Los Angeles, CA 90067.

On **June 1, 2022**, I served the document(s) entitled, DEFENDANTS' NOTICE OF REMOVAL on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL)**: I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on **June 1, 2022**, at Los Angeles, California.

_____
Lea Borys

1020793\304578071.v1

# SERVICE LIST

*Kamel, et al. v. Hibbett, Inc., et al.*

John R. Habashy, Esq.
LEXICON LAW, PC
633 West Fifth Street, 28th Floor
Los Angeles, CA 90071
Tel: (213) 223-5900
Fax: (888) 373-2107
Email: John@lexiconlaw.com
*Attorneys for Plaintiff and the Proposed Class*

Scott D. Owens, Esq.
(pending admission *pro hac vice*)
SCOTT D. OWENS, P.A.
2750 N. 29th Avenue, Ste. 209A
Hollywood, FL 33020
Tel: (954) 589-0588
Fax: (954) 337-0666
Email: Scott@scottdowens.com
*Attorneys for Plaintiff and the Proposed Class*

Christopher W. Legg, Esq.
(pending admission *pro hac vice*)
CHRISTOPHER W. LEGG, P.A.
499 E. Palmetto Park Blvd., Ste. 228
Boca Raton, FL 33432
Tel: (954) 962-2333
Fax: (954) 960-6565
Email Chris@theconsumerlawyers.com
*Attorneys for Plaintiff and the Proposed Class*